UNITED STATES et al. v. CARROLL TOWING CO., Inc., et al.

Nos. 96, 97, Docket 20371, 20372.

Circuit Court of Appeals, Second Circuit.

March 17, 1947.

Kirlin Campbell Hickox & Keating, of New York City (Robert S. Erskine, John H. Hanrahan, Jr., and C. N. Fiddler, all of New York City, of counsel), for Grace Line, Inc.

Purdy & Lamb, of New York City (Edmund F. Lamb, of New York City, of counsel), for appellee Conners Marine Co., Inc.

Foley & Martin, of New York City (Christopher E. Heckman, of New York City, of counsel), for Carroll Towing Co. Inc.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

If the value in limitation of the tug, "Carroll," proves to be great enough to pay the "cargo damage claims" and the claims of the Grace Line and the Conners Company, the Carroll Company will be allowed to set-off against the recovery of each of those companies in the limitation proceeding one third of the "cargo dam-

4 Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, 135; Arnstein v. Porter, 2 Cir., 154 F.2d 464, 468.

age claims" recovered in that proceeding. This right of set-off is subject to the condition that, if one third of the "cargo damage claims" is greater than that value to which the Conners Company may limit its liability, the amount of the set-off will be correspondingly limited. The right of the Conners Company so to limit its liability may be litigated before the commissioner in this proceeding. So far as the Conners Company succeeds in limiting the right of set-off of the Carroll Company against it, the Carroll Company's right o fset-off against the Grace Line will be increased by half the amount by which the right of limitation of the Conners Company has reduced the set-off.

Should the value of the tug, "Carroll," prove not to be enough to pay the "cargo damage claims" and the claims of the Grace Line and the Conners Company, the commissioner will determine the proper distribution of the fund and any incidental questions that may arise. These questions have not been argued and may never arise; we will not consider them at the present stage of the litigation.

The costs of the appeal in the limitation proceeding and of the appeal in the libel of the Conners Company, will be added together, and one third of the sum will be borne by the Carroll Company, the Grace Line and the Conners Company, each.

By "cargo damage claims" we mean the claim of the United States for the loss of its flour, which the Pennsylvania Railroad has paid, and the proper award to the railroad as salvor.